# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

BRENDA CARABALLO,

    Plaintiff,

v.                                                                   Case No. 09-CV-1020

MICHAEL J. ASTRUE
  Commissioner of the
  Social Security Administration,

    Defendant.

## ORDER RE: PLAINTIFF'S PETITION FOR
## LEAVE TO PROCEED IN FORMA PAUPERIS

The plaintiff, Brenda Caraballo, seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner of the Social Security Administration's (Commissioner) decision denying her application for supplemental security income benefits. The plaintiff has filed a petition for leave to proceed in forma pauperis. (Docket #2). The court will grant the petition.

In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: 1) whether the litigant is unable to pay the costs of commencing the action; and 2) whether the action is frivolous or malicious. 28 U.S.C. § 1915(a) & (e) (2). The court is obligated to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

The plaintiff's affidavit of indigence indicates that she has limited income. Accordingly, the court conclude that the plaintiff has satisfied the requirements of Section 1915(a) and is unable to pay the costs of commencing this action.

The plaintiff must next demonstrate that her action for judicial review has merit, as required by 28 U.S.C. § 1915(e)(2). Her complaint alleges that the Commissioner's decision denying her application for supplemental security income benefits is not supported by substantial evidence and is contrary to law and regulation. Upon review, her complaint sets forth an arguable basis for relief in both law or fact and, therefore, is not frivolous for the purposes of Section 1915(e)(2). See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). Accordingly, the defendant will be called upon to respond to the allegations contained in the plaintiff's complaint. The Clerk of Court will serve the copy of the complaint, the summons and this order upon the defendant.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that, pursuant to 28 U.S.C. § 1915(a), the plaintiff's petition for leave to proceed in forma pauperis be and hereby is **granted**. (Docket #2).

**IT IS FURTHER ORDERED** that the Clerk of Court be and hereby is directed to serve a copy of the complaint, summons and this order upon the defendant pursuant to Fed. R. Civ. P. 4.

Dated at Milwaukee, Wisconsin this ___ day of November, 2009.

BY THE COURT:

    s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

**Rule 5. Serving and Filing Pleadings and Other Papers**

**(a) Service: When required.** Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties. No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.

In an action begun by seizure of property, in which no person need be or is named as defendant, any service required to be made prior to the filing of an answer, claim, or appearance shall be made upon the person having custody or possession of the property at the time of its seizure.

(b) Making Service.

**(1)** Service under Rules 5(a) and 77(d) on a party represented by an attorney is made on the attorney unless the court orders service on the party.

**(2)** Service under Rule 5(a) is made by:

**(A)** Delivering a copy to the person served by:

**(I)** handing it to the person;

**(ii)** leaving it at the person's office with a clerk or other person in charge, or if no one is in charge leaving it in a conspicuous place in the office; or

**(iii)** if the person has no office or the office is closed, leaving it at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

**(B)** Mailing a copy to the last known address of the person served. Service by mail is complete on mailing.

**(C)** If the person served has no known address, leaving a copy with the clerk of the court.

**(D)** Delivering a copy by any other means, including electronic means, consented to in writing by the person served. Service by electronic means is complete on transmission; service by other consented means is complete when the person making service delivers the copy to the agency designated to make delivery. If authorized by local rule, a party may make service under this subparagraph (D) through the court's transmission facilities.

**(3)** Service by electronic means under Rule 5(b)(2)(D) is not effective if the party making service learns that the attempted service did not reach the person to be served.

**(c) Same: Numerous Defendants.** In any action in which there are unusually large numbers of defendants, the court, upon motion or of its own initiative, may order that service of the pleadings of the defendants and replies thereto need not be made as between the defendants and that any cross-claim, counterclaim, or matter constituting an avoidance or affirmative defense contained therein shall be deemed to be denied or avoided by all other parties and that the filing of any such pleading and service thereof upon the plaintiff constitutes due notice of it to the parties. A copy of every such order shall be served upon the parties in such manner and form as the court directs.

**(d) Filing; Certificate of Service.** All papers after the complaint required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service, but disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: (I) depositions, (ii) interrogatories, (iii) requests for documents or to permit entry upon land, and (iv) requests for admission.

**(e) Filing with the Court Defined.** The filing of papers with the court as required by these rules shall be made by filing them with the clerk of court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk. A court may by local rule permit papers to be filed, signed, or verified by electronic means that are consistent with technical standards, if any, that the Judicial Conference of the United States establishes. A paper filed by electronic means in compliance with a local rule constitutes a written paper for the purpose of applying these rules. The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices.