# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

BRENDA CARABALLO, on behalf of M.M.P.,

        Plaintiff,

v.                                                   Case No. 09-CV-1020

MICHAEL J. ASTRUE, Commissioner
Social Security Administration

        Defendant.

_____

# ORDER

On March 7, 2011, the court, upon finding a number of errors with the decision of the administrative law judge ("ALJ") who concluded that the plaintiff's son was ineligible for Supplemental Security Income ("SSI"), vacated the ALJ's decision and remanded the case back to the Social Security Administration for further proceedings. (Docket #21). On June 2, 2011, the plaintiff filed a motion for attorneys' fees (Docket #23), in which the plaintiff argued that she is entitled to $5,831.42 in attorneys' fee under the Equal Access to Justice Act ("EAJA"). The defendant opposed the motion through its brief on June 28, 2011, contending, in relevant part, that the government's position in this case was "substantially justified." (Docket #29). With the benefit of the parties briefs, the court addresses the motion for attorneys' fees.

The EAJA provides, in relevant part, that a prevailing party is entitled to attorneys' fees only if "the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of proving

that its position had substantial justification. *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). Notably, a party is not entitled to attorneys' fees under the EAJA merely because that party was successful in the litigation at the district court. *Pierce v. Underwood*, 487 U.S. 552, 569, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988). Rather, the government's position is substantially justified if it is "justified to a degree that could satisfy a reasonable person." *Id.* at 565-66. The Seventh Circuit has explained the substantial justification standard requires that the government's position have reasonable factual and legal bases, and there must be a reasonable connection between the facts and the legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *see also Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The court is also guided by the opinion of then-district Judge Hamilton, who succinctly summarized the Seventh Circuit case law on the substantial justification standard as follows:

> "In general, . . . if the case for remand is strong and clear-cut, *Golembiewski* teaches that it will probably be an abuse of discretion to deny fees. If the case for remand is closer, and especially if it is focused primarily on an inadequate explanation of what might be a reasonable decision, *Cunningham* teaches that it will probably not be an abuse of discretion to deny fees."

*Purvis v. Barnhart*, No. 1:04-cv-2124 DFH VSS, 2006 U.S. Dist. LEXIS 84424, at *6 (S.D. Ind. Nov. 16, 2006).

In the March 7, 2011 order, the court found two errors with the ALJ's decision. First, the court stated that the ALJ's omission of any discussion of a relevant listing for mood disorders – listing 112.04 – in conjunction with claimant's impairments

warranted remand. Second, the court criticized the ALJ's credibility determination for its lack of specificity, but also observed that it was not wholly lacking in articulation of reasoning. The court also found that the ALJ erred by not examining the reasons for claimant's noncompliance with medication and other treatment before drawing a negative credibility inference.

To begin, the ALJ's opinion was, for the most part, thorough and all but two of Caraballo's arguments in favor of remand were unpersuasive. Furthermore, the remand resulted predominantly from an ALJ decision that did not explain the reasoning as carefully and thoroughly as necessary. *See Cunningham v. Barnhart*, 440 F.3d 862 (7th Cir. 2006) (affirming the denial of fee petition where ALJ "failed to connect all the dots in his analysis."). This was not a case where the ALJ mischaracterized and ignored significant medical evidence in the record or failed entirely to address credibility. *See Golembiewski v. Barnhart*, 382 F.3d 721 (7th Cir. 2004) (finding that district court abused its discretion in denying fee petition where ALJ had violated clear judicial precedent and violated Commissioner's own rulings and regulations, where ALJ failed to address credibility, and where ALJ mischaracterized and ignored significant medical evidence). Indeed, the ALJ's credibility determination, though ultimately found to be inadequate by the court, contained several facts that may have helped justify her decision, including her statement that, though claimant has a learning disorder, he does well at school and his behavior is significantly better when he takes his medication. The court also

found that the ALJ's statement in this regard was supported by the record. Furthermore, while the court criticized the ALJ's overly broad statement that found all of claimant's and his mother's statements incredible, the court also conceded that certain of their statements were contradicted by objective evidence, such as plaintiff's assertion that her son has always taken his medication consistently. Ultimately, the court concluded that the ALJ's credibility determination lacked adequate articulation of reasoning. And this error, on its own, does not convince the court that the government's position in this respect was not substantially justified. As the Seventh Circuit has made clear, the articulation requirement is "deliberately flexible" and a failure to meet it "in no way necessitates a finding [that] the [government's] position was not substantially justified." *Stein v. Sullivan*, 966 F.2d 317, 319-20 (7th Cir. 1992).

Similarly, though the court found that the ALJ's failure to mention the specific listings she considered at step three was an error requiring remand, this finding does not necessarily indicate that the government's position was not substantially justified. The Seventh Circuit has also left this area of the law "deliberately flexible" with cases holding only that "an ALJ *should* mention the specific listings he is considering and his failure to do so, if combined with a 'perfunctory analysis,' *may* require a remand." *Ribaudo v. Barnhart,* 458 F.3d 580, 583 (7th Cir. 2006) (emphasis added). Accordingly, there is no bright-line rule at step three. In this case, the court criticized the ALJ's lack of analysis and found that remand was necessary because there was

some evidence in the record that the claimant met the criteria of the mood disorder listing. At the same time, however, there was also evidence in the record to support the ALJ's ultimate decision at step three, and the court's only real criticism was based on its inability to trace the ALJ's reasoning from the evidence to the ALJ's conclusions. As such, a genuine dispute existed and, therefore, the Commissioner's position was substantially justified. *See, e.g., Cunningham,* 440 F.3d at 865 (finding no abuse of discretion in denying EAJA fees, even though the case had been remanded for further analysis, because the medical evidence supported the ALJ's decision).

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for attorneys' fees (Docket #23) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 30th day of August, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge